FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

PROMONTORY INTERFINANCIAL
NETWORK, LLC,

2013 APR 30  A 8: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Plaintiff,

Civil Action No. 2:13CV243

v.

ANOVA FINANCIAL CORPORATION,

**JURY TRIAL DEMANDED**

Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR PATENT INFRINGEMENT

Plaintiff Promontory Interfinancial Network, LLC ("Promontory") brings this action seeking declaratory and injunctive relief and damages against Defendant Anova Financial Corporation ("Anova"). Anova has threatened to assert against Promontory patents that Promontory does not infringe. At the same time, Anova is infringing Promontory patents. Promontory therefore alleges for its complaint as follows:

### PARTIES

1.      Plaintiff Promontory Interfinancial Network, LLC is a Delaware limited liability company with its principal place of business at 1515 North Courthouse Road, Arlington, Virginia, 22201. Promontory, which was founded in 2002 by banking-industry leaders, provides services to the financial services industry, including, among other things, deposit placement services. Promontory employs more than 140 persons at its headquarters in Arlington, Virginia.

1

2.      Defendant Anova Financial Corporation is a corporation organized under the laws of the state of North Carolina having a principal place of business in Edenton, North Carolina. Anova is a direct competitor of Promontory in the market for deposit placement services.

## FACTUAL BACKGROUND

### The Parties' Competing Deposit Placement Services

3.      Promontory and Anova have competed in the market for providing deposit placement services to financial institutions. In general, the term "deposit placement service" refers to a service that facilitates the placement of funds held in customer accounts at banks or broker-dealers in deposit accounts at other banks that are members of the Federal Deposit Insurance Corporation ("FDIC").

4.      Promontory offers several deposit placement services. The CDARS® service facilitates the placement of large deposits in certificates of deposit at participating banks. Each certificate of deposit is issued in an increment that is less than the standard maximum deposit insurance amount ("SMDIA") for "FDIC" deposit insurance. As a result, the entire large deposit is eligible for FDIC insurance coverage. The ICS® service facilitates the placement of large bank deposits in demand deposit accounts or money market deposit accounts at participating banks, in amounts less than the SMDIA, and the IND® service facilitates the placement of funds from accounts at broker-dealers or other custodial agents in deposit accounts at participating banks, in amounts less than the SMDIA except at designated excess banks.

5.      The services that Anova offers (the "Anova Services") are known as the "Reciprocal Exchange Deposit Program" (hereafter "REDP"), ANOVAFunds, and ANOVACore. Through the Anova Services, Anova places deposits, in amounts less than the

2

SMDIA, at banks that are members of Anova's network. The Anova Services compete or have competed directly with one or more of the Promontory services.

6.    On information and belief, the banks participating in the Anova Services include or have included one or more banks located in Virginia, and, on information and belief, within this judicial district.

7.    On information and belief, depositors of funds placed through the Anova Services include or have included one or more depositors located in Virginia, and, on information and belief, within this judicial district.

8.    On information and belief, Anova actively markets the Anova Services to Virginia banks through a Virginia trade association located within this judicial district.

### Anova's Threats Against Promontory

9.    On information and belief, Anova has asserted that Promontory infringes Anova's patents, and has threatened an infringement suit against Promontory, with the intent and expectation that such assertions and threats would be conveyed to Promontory.

10.    On June 29, 2012, Stephen Kinner, a Senior Managing Director of Promontory, met with Thad Woodard, President and CEO of the North Carolina Bankers Association. Woodard asked Kinner if Promontory wanted to buy Anova. Kinner asked Woodard if he had an ownership interest in Anova. Woodard stated that he did not, but that Anova was "birthed" in his office. Woodard said that Kim Winslow, the President and CEO of Anova, believed that Promontory was infringing Anova's patents and that Anova was considering filing a patent infringement lawsuit against Promontory. Woodard further said that he spoke regularly with Winslow and that it would be a good time for Promontory to purchase Anova.

3

11.     On January 17, 2013, Anova filed a patent infringement lawsuit in the United States District Court for the Eastern District of North Carolina against Institutional Deposits Corp. ("IDC"), another competitor in the deposit placement service industry.  In the lawsuit, Anova alleged infringement of three of the four patents assigned to it, including U.S. 7,904,372 ("the '372 Patent"), U.S. 7,895,099 ("the '099 Patent"), and U.S. 8,090,651 ("the '651 Patent").

12.     In February 2013, after Anova filed the lawsuit against IDC, Mark Jacobsen, the President and CEO of Promontory, had a conversation with William Burdette, the CEO of IDC. Burdette reported that Anova told him that it could use the patents to exert "leverage" over Promontory through litigation.

## THE ANOVA PATENTS

13.     On information and belief, Anova claims ownership by assignment of the '372 Patent, titled Methods and Systems for Facilitating Transactions Between Commercial Banks and Pooled Depositor Groups, issued March 8, 2011.  A true and correct copy of the '372 Patent is attached hereto as Exhibit A.

14.     On information and belief, Anova claims ownership by assignment of the '099 Patent, titled Methods and Systems for Facilitating Transactions Between Commercial Banks and Pooled Depositor Groups, issued February 22, 2011.  A true and correct copy of the '099 Patent is attached hereto as Exhibit B.

15.     On information and belief, Anova claims ownership by assignment of the '651 Patent, titled Methods, Systems, and Computer Readable Media for Facilitating The Exchange of Reciprocal Deposits, issued January 3, 2012.  A true and correct copy of the '651 Patent is attached hereto as Exhibit C.

4

16. On information and belief, Anova claims ownership by assignment of U.S. Patent No. 8,301,560, titled Methods, Systems, and Computer Readable Media for Facilitating the Exchange of Reciprocal Deposits ("the '560 Patent"). A true and correct copy of the '560 Patent is attached hereto as Exhibit D.

## PROMONTORY'S PATENTS

17. Promontory is the owner by assignment of U.S. Patent No. 7,596,522 ("the '522 Patent"), entitled Computer Program Product for Fully Insuring Large Bank Deposits, issued by the United States Patent and Trademark Office on September 29, 2009. A copy of the '522 Patent is attached hereto as Exhibit E.

18. Promontory is the owner by assignment of U.S. Patent No. 7,603,307 ("the '307 Patent"), entitled Computer-Implemented Method for Fully Insuring Large Bank Deposits, issued by the United States Patent and Trademark Office on October 13, 2009. A copy of the '307 Patent is attached hereto as Exhibit F.

19. Promontory is the owner by assignment of U.S. Patent No. 7,899,745 ("the '745 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Via a Network of Banks Wherein Banks Pay a Fee to a Processor that Facilitates the Networks of Banks, issued by the United States Patent and Trademark Office on March 1, 2011. A copy of the '745 Patent is attached hereto as Exhibit G.

20. Promontory is the owner by assignment of U.S. Patent No. 7,899,746 ("the '746 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Using a Network of Banks and a Lending Bank for Providing Funds that the Network of Banks Cannot Handle, issued by the United States Patent and Trademark Office on March 1, 2011. A copy of the '746 Patent is attached hereto as Exhibit H.

21.     Promontory is the owner by assignment of U.S. Patent No. 7,899,747 ("the '747 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Via a Network of Banks Using and Order Matching Process to Simultaneously Process Multiple Orders from Bank Customers Received at Different Banks, issued by the United States Patent and Trademark Office on March 1, 2011. A copy of the '747 Patent is attached hereto as Exhibit I.

22.     Promontory is the owner by assignment of U.S. Patent No. 7,921,057 ("the '057 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Wherein Bank That Processes a Large Deposit Sends Out and Receives Back an Equal Amount of Large Deposits Via a Network of Banks, issued by the United States Patent and Trademark Office on April 5, 2011. A copy of the '057 Patent is attached hereto as Exhibit J.

23.     Promontory is the owner by assignment of U.S. Patent No. 8,036,986 ("the '986 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Via a Network of Banks Wherein Depositor's Bank Retains a Portion of the Large Bank Deposit and the Network Distributes the Remainder, issued by the United States Patent and Trademark Office on October 11, 2011. A copy of the '986 Patent is attached hereto as Exhibit K.

24.     Promontory is the owner by assignment of U.S. Patent No. 8,051,004 ("the '004 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Deposits Received from a Plurality of Custodians from their Respective Depositors, issued by the United States Patent and Trademark Office on November 1, 2011. A copy of the '004 Patent is attached hereto as Exhibit L.

6

25. Promontory is the owner by assignment of U.S. Patent No. 8,051,005 ("the '005 Patent"), entitled Automated Method and Article of Manufacture for Fully Insuring Large Bank Deposits Via a Network of Banks with Limits on Amount of Orders that a Bank And/Or Customer Can Place with the Network, issued by the United States Patent and Trademark Office on November 1, 2011. A copy of the '005 Patent is attached hereto as Exhibit M.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over Promontory's declaratory judgment claims (Counts I-IV) pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they present a federal question arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202, because an actual controversy exists as to the invalidity and non-infringement of the Anova Patents.

27. This Court has subject matter jurisdiction over Promontory's claims of patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

28. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

29. This Court has personal jurisdiction over Anova. On information and belief, Anova regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from services rendered in this Commonwealth, or is otherwise present and doing business in this Commonwealth, and has committed acts of patent infringement in this Commonwealth.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '372 Patent

30. The allegations contained in paragraphs numbered 1 through 29 are incorporated by reference herein as if set forth in full herein.

7

31.    Promontory does not infringe, directly or indirectly, any valid claim of the '372 Patent, either literally or under the doctrine of equivalents.

32.    A valid and justiciable controversy regarding the '372 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein.  The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the the '372 Patent.

33.    There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '372 Patent.

34.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that it does not infringe any claim of the '372 Patent, and any other relief that the Court deems necessary or proper.

## COUNT II

### Declaratory Judgment of Invalidity of the '372 Patent

35.    The allegations contained in paragraphs numbered 1 through 34 are incorporated by reference as if set forth in full herein.

36.    The claims of the '372 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

37.    A valid and justiciable controversy regarding the '372 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein.  The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the the '372 Patent.

706419585.2

38.     There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the validity of the '372 Patent.

39.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that the '372 Patent is invalid, and any other relief that the Court deems necessary or proper.

### COUNT III

### Declaratory Judgment of Non-Infringement of the '099 Patent

40.     The allegations contained in paragraphs numbered 1 through 39 are incorporated by reference as if set forth in full herein.

41.     Promontory does not infringe, directly or indirectly, any valid claim of the '099 Patent, either literally or under the doctrine of equivalents.

42.     A valid and justiciable controversy regarding the '099 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein. The threats described in those paragraphs constitute that Promontory infringes valid claims of the '099 Patent.

43.     There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '099 Patent.

44.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that it does not infringe any claim of the '099 Patent, and any other relief that the Court deems necessary or proper.

9

## COUNT IV

### Declaratory Judgment of Invalidity of the '099 Patent

45.    The allegations contained in paragraphs numbered 1 through 44 are incorporated by reference as if set forth in full herein.

46.    The claims of the '099 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

47.    A valid and justiciable controversy regarding the '099 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein.  The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the '099 Patent.

48.    There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the validity of the '099 Patent.

49.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that the '099 Patent is invalid, and any other relief that the Court deems necessary or proper.

## COUNT V

### Declaratory Judgment of Non-Infringement of the '651 Patent

50.    The allegations contained in paragraphs numbered 1 through 49 are incorporated by reference herein as if set forth in full herein.

51.    Promontory does not infringe, directly or indirectly any valid claim of the '651 Patent, either literally or under the doctrine of equivalents.

706419585.2

52.     A valid and justiciable controversy regarding the '651 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein.  The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the '651 Patent.

53.     There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '651 Patent.

54.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that it does not infringe any claim of the '651 Patent, and any other relief that the Court deems necessary or proper.

## COUNT VI

### Declaratory Judgment of Invalidity of the '651 Patent

55.     The allegations contained in paragraphs numbered 1 through 54 are incorporated by reference as if set forth in full herein.

56.     The claims of the '651 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

57.     A valid and justiciable controversy regarding the '651 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein.  The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the '651 Patent.

58.     There is an actual, substantial, and continuing justifiable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the validity of the '651 Patent.

11

59.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that the '651 Patent is invalid, and any other relief that the Court deems necessary or proper.

## COUNT VII

### Declaratory Judgment of Non-Infringement of the '560 Patent

60.     The allegations contained in paragraphs numbered 1 through 59 are incorporated by reference herein as if set forth in full herein.

61.     Promontory does not infringe, directly or indirectly any valid claim of U.S. Patent No. 8,301,560 (the "'560 Patent"), either literally or under the doctrine of equivalents.

62.     A valid and justiciable controversy regarding the '560 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein. The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the '560 Patent.

63.     There is an actual, substantial, and continuing justiciable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '560 Patent.

64.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that it does not infringe any claim of the '560 Patent, and any other relief that the Court deems necessary or proper.

## COUNT VIII

### Declaratory Judgment of Invalidity of the '560 Patent

65.     The allegations contained in paragraphs numbered 1 through 64 are incorporated by reference as if set forth in full herein.

12

66.     The claims of the '560 Patent are invalid for failure to comply with one or more requirements of Title 35, United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

67.     A valid and justiciable controversy regarding the '560 Patent exists between Promontory and Anova based on the allegations set forth in paragraphs 9-12 herein. The threats described in those paragraphs constitute assertions that Promontory infringes valid claims of the '560 Patent.

68.     There is an actual, substantial, and continuing justifiable controversy between Promontory and Anova having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the validity of the '560 Patent.

69.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Promontory is entitled to a declaratory judgment that the '560 Patent is invalid, and any other relief that the Court deems necessary or proper.

## COUNT IX

### Infringement of the '522 Patent

70.     The allegations contained in paragraphs numbered 1 through 69 are incorporated by reference as if set forth in full herein.

71.     Anova has infringed and continues to infringe at least Claim 1 of the '522 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

72.     On information and belief, Anova, without authority and with knowledge of the '522 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '522 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the

13

claims of the '522 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '522 Patent.

73.     As a result of the infringement of the '522 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

74.     On information and belief, Anova's infringement of the '522 Patent has been and continues to be knowing and willful.

75.     Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '522 Patent, Promontory will be irreparably harmed.

**COUNT X**

**Infringement of the '307 Patent**

76.     The allegations contained in paragraphs numbered 1 through 75 are incorporated by reference as if set forth in full herein.

77.     Anova has infringed and continues to infringe at least Claim 1 of the '307 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

78.     On information and belief, Anova, without authority and with knowledge of the '307 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '307 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '307 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '307 Patent.

14

79.     As a result of the infringement of the '307 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

80.     On information and belief, Anova's infringement of the '307 Patent has been and continues to be knowing and willful.

81.     Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '307 Patent, Promontory will be irreparably harmed.

## COUNT XI

### Infringement of the '745 Patent

82.     The allegations contained in paragraphs numbered 1 through 81 are incorporated by reference as if set forth in full herein.

83.     Anova has infringed and continues to infringe at least Claim 1 of the '745 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

84.     On information and belief, Anova, without authority and with knowledge of the '745 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '745 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '745 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '745 Patent.

706419585.2

85. As a result of the infringement of the '745 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

86. On information and belief, Anova's infringement of the '745 Patent has been and continues to be knowing and willful.

87. Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '745 Patent, Promontory will be irreparably harmed.

## COUNT XII

### Infringement of the '746 Patent

88. The allegations contained in paragraphs numbered 1 through 87 are incorporated by reference as if set forth in full herein.

89. Anova has infringed and continues to infringe at least Claim 1 of the '746 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

90. On information and belief, Anova, without authority and with knowledge of the '746 patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '746 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '746 patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '746 patent.

16

91.    As a result of the infringement of the '746 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

92.    On information and belief, Anova's infringement of the '746 Patent has been and continues to be knowing and willful.

93.    Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '746 Patent, Promontory will be irreparably harmed.

## COUNT XIII

### Infringement of the '747 Patent

94.    The allegations contained in paragraphs numbered 1 through 93 are incorporated by reference as if set forth in full herein.

95.    Anova has infringed and continues to infringe at least Claim 1 of the '747 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

96.    On information and belief, Anova, without authority and with knowledge of the '747 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '747 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '747 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '747 Patent.

17

97. As a result of the infringement of the '747 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

98. On information and belief, Anova's infringement of the '747 Patent has been and continues to be knowing and willful.

99. Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '747 Patent, Promontory will be irreparably harmed.

## COUNT XIV

### Infringement of the '057 Patent

100. The allegations contained in paragraphs numbered 1 through 99 are incorporated by reference as if set forth in full herein.

101. Anova has infringed and continues to infringe at least Claim 1 of the '057 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

102. On information and belief, Anova, without authority and with knowledge of the '057 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '057 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '057 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '057 Patent.

706419585.2

103. As a result of the infringement of the '057 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

104. On information and belief, Anova's infringement of the '057 Patent has been and continues to be knowing and willful.

105. Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '057 Patent, Promontory will be irreparably harmed.

## COUNT XV

### Infringement of the '986 Patent

106. The allegations contained in paragraphs numbered 1 through 105 are incorporated by reference as if set forth in full herein.

107. Anova has infringed and continues to infringe at least Claim 1 of the '986 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

108. On information and belief, Anova, without authority and with knowledge of the '986 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '986 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '986 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '986 Patent.

109.    As a result of the infringement of the '986 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

110.    On information and belief, Anova's infringement of the '986 Patent has been and continues to be knowing and willful.

111.    Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '986 Patent, Promontory will be irreparably harmed.

## COUNT XVI

### Infringement of the '004 Patent

112.    The allegations contained in paragraphs numbered 1 through 111 are incorporated by reference as if set forth in full herein.

113.    Anova has infringed and continues to infringe at least Claim 1 of the '004 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

114.    On information and belief, Anova, without authority and with knowledge of the '004 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '004 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '004 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '004 Patent.

706419585.2

115.     As a result of the infringement of the '004 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

116.     On information and belief, Anova's infringement of the '004 Patent has been and continues to be knowing and willful.

117.     Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '004 Patent, Promontory will be irreparably harmed.

**COUNT XVII**

**Infringement of the '005 Patent**

118.     The allegations contained in paragraphs numbered 1 through 117 are incorporated by reference as if set forth in full herein.

119.     Anova has infringed and continues to infringe at least Claim 1 of the '005 Patent. either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, offering for sale, and/or selling in the United States methods, computer programs and/or systems within at least Claim 1, including one or more of the Anova Services.

120.     On information and belief, Anova, without authority and with knowledge of the '005 Patent, has actively induced and continues to actively induce infringement of at least Claim 1 of the '005 Patent in violation of 35 U.S.C. § 271(b) by causing others to directly infringe the claims of the '005 Patent and/or by intentionally instructing others to use the accused services in a manner that infringes Claim 1 of the '005 Patent.

21

121.    As a result of the infringement of the '005 Patent by Anova, Promontory has suffered and continues to suffer injury to its business and property in an amount to be determined as damages.

122.    On information and belief, Anova's infringement of the '005 Patent has been and continues to be knowing and willful.

123.    Unless an injunction is issued enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert and participation with them, from infringing the '005 Patent, Promontory will be irreparably harmed.

## DEMAND FOR JUDGMENT

Wherefore, Plaintiff Promontory Interfinancial Network, LLC respectfully requests that this Court grant the following relief:

a.    Declare that Promontory does not infringe any claim of the '372 Patent;

b.    Declare that each and every claim of the '372 Patent is invalid;

c.    Declare that Promontory does not infringe any claim of the '099 Patent;

d.    Declare that each and every claim of the '099 Patent is invalid;

e.    Declare that Promontory does not infringe any claim of the '651 Patent;

f.    Declare that each and every claim of the '651 Patent is invalid;

g.    Declare that Promontory does not infringe any claim of the '560 Patent;

h.    Declare that each and every claim of the '560 Patent is invalid;

i.    A finding that Anova has infringed the '522 Patent;

j.    A finding that Anova has infringed the '307 Patent;

k.    A finding that Anova has infringed the '745 Patent;

l.    A finding that Anova has infringed the '746 Patent;

22

m.   A finding that Anova has infringed the '747 Patent;

n.   A finding that Anova has infringed the '057 Patent;

o.   A finding that Anova has infringed the '986 Patent;

p.   A finding that Anova has infringed the '004 Patent;

q.   A finding that Anova has infringed the '005 Patent;

r.   Award Promontory damages in an amount to be determined at trial to compensate it for all losses suffered as a result of Anova's conduct;

s.   Award Promontory equitable relief, including a preliminary and permanent injunction against Anova from enforcing or attempting to enforce the '372, '099, 651, and '560 Patents;

t.   A preliminary and permanent injunction enjoining Anova, and its officers, agents, servants, employees and attorneys, and all those persons and entities in active concert with them, from infringing the '522, '307, '745, '746, '747, '057, '986, '004, and '005 Patents;

u.   Award Promontory damages in an amount sufficient to fully compensate Promontory for infringement of the '522, '307, '745, '746, '747, '057, '986, '004, and '005 Patents;

v.   An award of enhanced damages up to three times the amount of compensatory damages awarded pursuant to 35 U.S.C. § 284;

w.   An award of prejudgment and post-judgment interest;

x.   A finding by this Court that this is an exceptional case under 35 U.S.C. § 285 and an award to Promontory of its costs, expenses, and attorneys' fees in this action; and

y.   Award such other relief as this Court deems just and proper.

706419585.2

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Promontory

Interfinancial Network, LLC hereby demands trial by jury for all issues so triable.


Dated:  This 30th day of April, 2013

By: _____

Cliff A. Maier
cmaier@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2026
Facsimile: (650) 331-4526

Brandon Baum
brandon@agilityiplaw.com
Agility IP Law
149 Commonwealth Drive, Suite 1033
Menlo Park, CA 94025
Telephone: (650) 227-4800

Ann Marie Duffy (Va. Bar No. 48653)
aduffy@mayerbrown.com
MAYER BROWN LLP
1999 K St NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile:  202 263 3300


*Attorneys for Plaintiff*

24

706419585.2